CV-05 3340

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 15 2005 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEPHEN R. STEINBERG, individually and on behalf of all others similarly situated,

Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

Defendant.

Case No. _______

SPATT, J.

LINDSAY, M.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Steven R. Steinberg ("Plaintiff" or "Steinberg"), individually and on behalf of all similarly situated persons, brings this breach of contract action against Defendant Nationwide Mutual Insurance Company ("Nationwide"), and alleges upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation made by and through his attorneys, as follows:

**STATEMENT OF THE CASE**

1. Plaintiff is an insured under an automobile insurance contract offered by Nationwide. After submitting a claim under his contract for coverage of a loss he suffered to his vehicle, Nationwide reimbursed him less than the amount to which he was entitled, due to an improper reduction from his payment of an amount that was designed to reflect the purported difference in value between the used part that failed and the new part that was used to replace it. Nationwide refers to this reduction as a "betterment" charge.

2. Nationwide's standard form automobile insurance contract, including the one applicable to Plaintiff, does not authorize the imposition of a betterment charge. Indeed, the term "betterment" is never stated or defined in the contract. As a result, Nationwide cannot properly

reduce payments that are otherwise due under its contracts by applying a betterment charge, and doing so represents a breach of contract under the laws of any of the states in which it operates. Plaintiff therefore seeks appropriate compensatory damages on his own behalf and on behalf of all other similarly situated Nationwide insureds who have suffered damages as a result of Nationwide use of unauthorized betterment charges.

## PARTIES

3.  Plaintiff Steinberg is a resident of Suffolk County, New York. Since 1997, Plaintiff has been an "insured" of defendant Nationwide pursuant to a form automobile insurance contract. This contract has been executed, and then re-executed, by Plaintiff every six months since it was originally signed and Plaintiff has paid all premiums required by Nationwide.

4.  Defendant Nationwide is a mutual insurance company with its principal place of business in Columbus, Ohio. Nationwide has entered into form automobile insurance contracts, like the one executed by Plaintiff, with residents of all States in the United States except Hawaii, Massachusetts, and New Jersey.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because: Plaintiff and Defendant reside in diverse states; the members of the class alleged herein reside in all states in which Nationwide offers automobile insurance and less than one-third of the putative members of the class reside in New York; and the aggregate amount in controversy exceeds $5,000,000.

6.  Venue is proper in this district because: Plaintiff resides in this district; Defendant maintains offices and agents in this district; and the transactions at issue that specifically relate to Plaintiff occurred in this district.

**PLAINTIFF'S EXPERIENCES WITH NATIONWIDE**

7. Plaintiff's leased 1999 BMW 7401 was covered under his policy with Nationwide. In September 1999, his engine was damaged when water entered it, causing what is known as a "hydraulic lock," requiring the engine to be replaced. The engine had less than 10,000 miles on it at the time of the loss. Plaintiff notified Nationwide and sought approval for coverage under his policy for the repair of his vehicle. Nationwide agreed that the damage to his vehicle was covered under the policy.

8. A claims professional, or adjuster, employed by Nationwide evaluated Plaintiff's vehicle and consulted with the BMW dealer that was going to perform the repair. The Nationwide adjuster agreed on an amount to replace the engine and perform related work made necessary by the loss. Plaintiff agreed to the amount in advance based on the BMW dealer's estimate and Nationwide's approval.

9. The BMW completed the repair to the vehicle. Although the BMW dealer used a new engine to replace the used engine that had failed, the fair market value of Plaintiff's vehicle was less after the repair than it was before it. Nationwide tendered a check to Plaintiff following the repair. However, the check did not reflect the sum upon which the dealer, Nationwide's adjuster and Plaintiff had agreed. Not only had Nationwide subtracted from that agreed-upon sum the deductible which was specified in Plaintiff's contract and to which he agreed was a proper deduction, but it also deducted a betterment charge in the amount of $563.17, purportedly to reflect the difference in value between the used engine that had failed and the new engine that was used to replace it. Plaintiff had never been notified in advance that a betterment charge would be imposed, nor did his contract define or authorize such a charge.

**THE INSURANCE CONTRACT**

10. Plaintiff's automobile insurance contract with Nationwide is a standard form contract which is comparable in all relevant parts and is substantially similar to the form contract used by Nationwide nationally for all of its insureds since on or about January 1, 1993 (referred to herein as the "Contract"). The Contract is a contract of adhesion, in that it was drafted by Nationwide and Plaintiff and other members of the Class, as defined below, were not given any opportunity to negotiate any of its terms or conditions. Nationwide offered its Contract to them on a take it or leave it basis.

11. Nationwide's Contract contains the following INSURING AGREEMENT: "For your payment of premiums in amounts we require and subject to all of the terms and conditions of this policy, we agree to provide the coverages you have selected."

12. The Contract then specifies that it provides the following coverages: "COMPREHENSIVE COVERAGE. We will pay for loss to your auto not caused by collision or upset. . . . We will pay for the loss less your declared deductible."

13. In its Definitions of Key Policy Words, the Contract further defines the word "DEDUCTIBLE" as "the amount of loss to be paid by the insured when a loss occurs," and defines the word "LOSS" as the "direct and accidental loss or damage to your auto including its equipment." The contract then repeats that Nationwide will "pay for covered loss under the deductible amount."

14. Notwithstanding these provisions, Plaintiff's Contract also contained a provision entitled "LIMITS OF PAYMENT" which states as follows:

> ACTUAL CASH VALUE. The limit of our coverage is the cash value of your auto or its damaged parts at the time of loss. We will consider fair market value, age, and condition of the property at the time of loss to determine cash value. We may pay you directly for

a loss. We may, at our option, replace your auto.

15. This provision does not authorize the imposition of a betterment charge for the replacement of a used part. The Contract does not define the term "property," nor does it define the terms "fair market value, age and condition" of such property. However, a reasonable insured would interpret the term "property" to mean the vehicle as a whole, in that the insurance policy is designed to insure a working automobile, not merely the individual parts. When a vehicle is damaged and repairs are done to individual parts, the purpose is to put the vehicle back in working order, not simply to provide an individual part that has no function standing alone. Thus, this provision is reasonably interpreted to mean that, *in the event a vehicle is totaled*, Nationwide may either pay an amount for the vehicle that takes into account its fair market value, age and condition or it may replace the vehicle entirely. This provision, however, cannot reasonably be interpreted to allow Nationwide, where the vehicle is *not* totaled, also to reduce its payment for a repaired *part* based on the purported difference in value between a used part and a new part that is used to replace it. After all, the use of a new part to repair a vehicle cannot be assumed to increase the vehicle's overall fair market value as referenced in the contractual language.

16. Even assuming the "Limits of Payment" provision is interpreted to allow Nationwide to pay the insured for the purported value of the estimated cost of a repair, after deducting the difference in value between a new and a used part, it does not authorize Nationwide to have the vehicle repaired with a new part and then reduce the reimbursement based on the betterment charge. Under this analysis, Nationwide's only contractual option would be to pay the "fair market value" in cash for the used part and the estimated cost of the repair (with the insured then able to obtain the repair, possibly by pursuing an available used part), or,

alternatively, authorize the repair with either a new or a used part, with Nationwide bearing the cost of any purported difference in value between the used and new part. If Nationwide elects to authorize a repair with the use of a new part, as it did with Plaintiff, it does not have a contractual right to then impose the cost of the difference in value between the new and used part on the insured.

17. At no time in the Contract does Nationwide state that, in addition to the deductible, Nationwide may also impose a betterment charge to reduce its payment for a covered loss. The terms "betterment," "betterment charge" or "betterment deduction" are not contained or otherwise defined in the Contract.

**NATIONWIDE'S APPLICATION OF THE BETTERMENT CHARGE IS IN BREACH OF ITS CONTRACTUAL OBLIGATIONS**

18. Nationwide's application of a "betterment" charge as described above is in breach of its Contract because, under the Contract, the only amount of the loss required to be paid by the insured is the "deductible, and the defined term "deductible" does not include a "betterment" charge, and the deduction of a "betterment" charge is not otherwise provided for in the automobile insurance contract.

19. By imposing a betterment charge to reduce its payment to Plaintiff for his covered loss, Nationwide breached its contract. As a result of this breach, Plaintiff was injured in the amount of the betterment charge and is entitled to compensatory damages, plus interest.

**CLASS ACTION ALLEGATIONS**

20. Since at least January 1, 1993, Nationwide has entered into form automobile insurance contracts with millions of insureds that are comparable in all relevant parts and substantially similar to Plaintiff's Contract. Indeed, since that date, Nationwide has entered into such contracts in forty-seven (47) states of the United States. The only states in which

Nationwide has not done this type of business during all or part of that period through the present are Hawaii, Massachusetts, and New Jersey.

21. The term "betterment" is not contained in the form automobile insurance contracts executed by Nationwide and members of the Class. "Betterment" is not a defined term or a word that is boldly printed in the form automobile insurance contracts executed by Nationwide and members of the Class.

22. Nationwide applies and interprets the "betterment" charge in a manner similar to that described above, regardless of the state in which its insureds live. Indeed, to the extent that the language in Nationwide's form automobile insurance contracts varies from state-to-state, such differences are not relevant to the claims in this action and have not impacted Nationwide's application or interpretation of the betterment charge.

23. The deduction of the "betterment" charge as described herein was and continues to be the practice and policy of Nationwide with respect to both collision and comprehensive payments made pursuant to Nationwide's automobile insurance contracts.

24. The use of such a "betterment" charge represents a breach of contract under the laws of each of the various States in which Nationwide operates.

25. Therefore, Plaintiff seeks to maintain this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following national class (the "Class"):

> All persons or businesses who entered into automobile insurance contracts with Nationwide, and who, since January 1, 1993, have had a collision or comprehensive loss and for which the insured was responsible for a portion of the repair costs due to a "betterment" charge or deduction imposed by or on behalf of Nationwide.

26. The members of the Class are too numerous to be joined herein. Since January 1, 1993, Nationwide has entered into millions of form automobile insurance contracts, has made

payments pursuant to those contracts to millions of insureds, and has deducted well over $5 million in "betterment" charges from said payments.

27. There are questions of law and fact common to the claims of each member of the Class, which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: (a) whether the form automobile insurance contracts were breached by Nationwide due to its use of betterment charges; and (b) to what extent the members of the Class have sustained damages and the proper measure of damages.

28. The claim of Plaintiff is typical of the claims of each member of the Class in that he is seeking compensatory damages for Nationwide's imposition of a betterment charge under its standard form automobile insurance policy, the same claim being asserted on behalf of each member of the Class.

29. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel competent to prosecute this action on behalf of the Class.

30. A class action is also superior to other available methods for the fair and efficient adjudication of the claims and defenses in this action. The amount of requested relief for each Class member is insufficient to justify the time and expense required to pursue individual lawsuits, and because the legal and factual issues to be adjudicated are the same or comparable for all Class members, adjudicating the case on a class-wide basis is the most efficient means to do so. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for Nationwide.

31. Adjudication of this case on a class-wide basis is manageable by this Court. The

contracts use by Nationwide for all of its insureds nationally are similar in all material respects and the laws of the various states which may be applied to Plaintiff's breach of contract claim on behalf of the Class are largely identical or can otherwise be grouped into a small number of subsets based on any variations that may be deemed to be relevant to the Court. As a result, it will not be difficult for the Court or the jury to determine whether Nationwide has breached its contracts for each of the members of the Class.

**COUNT ONE**

**BREACH OF CONTRACT**

32. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

33. Plaintiff's Contract, and the form automobile insurance contracts executed by members of the Class, do not provide for or authorize the deduction of a "betterment" charge by Nationwide.

34. Nonetheless, Nationwide deducted a "betterment" charge from payments made to Plaintiff and other members of the Class when paying for covered losses under its standard form automobile insurance contracts.

35. Such conduct by Nationwide constitutes a breach of contract.

36. This breach has caused damage to Plaintiff and members of the Class in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for Judgment as follows:

A. Determining that the instant action is a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B. Determining that Nationwide has breached its contractual obligations to Plaintiff

and other members of the Class due to its imposition of a betterment charge in paying for covered losses under its standard form automobile insurance contract;

C. Awarding compensatory damages as appropriate against Nationwide in favor of Plaintiff and all members of the Class for the injuries they sustained as a result of Nationwide's breach of contract;

D. Permanently enjoining and restraining Nationwide from deducting any betterment or similar amounts from any payment made to any insured with a collision or comprehensive loss, except in the case of a vehicle's total loss;

E. Awarding Plaintiff and members of the Class the costs and disbursements of this suit, including reasonable attorneys' and experts' fees;

F. Awarding prejudgment interest; and

G. Awarding such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
July 14, 2005

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**

By:______________________
Stanley M. Grossman, Esq. (SG-4544)
D. Brian Hufford, Esq. (DH-7181)
Robert J. Axelrod, Esq. (RA-1696)

100 Park Avenue
New York, New York 10017
(212) 661-1100

**Counsel for Plaintiff and the Putative Class**